IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | 1:12cr280 (JCC) |
| ) | |
| KWANG HEE KIM, ) | |
| ) | |
| Defendant. ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Kwang Hee Kim's Motion for a Bill of Particulars [Dkt. 67] ("the Motion") and Defendant Han Sa Yu's Motion to Adopt [Dkt. 86] ("the Motion to Adopt")(collectively, "the Defendants' Motions"). For the following reasons, the Court will deny Defendant Kim's Motion for a Bill of Particulars and deem Defendant Han Sa Yu's Motion to Adopt moot.

**I. Background**

A. Factual Background

On September 5, 2012, a grand jury returned a six-count Superseding Indictment [Dkt. 1] charging four defendants with offenses relating to their membership in the "Korean Night Breeders," gang based in Fairfax, Virginia. Defendant Kwang Hee Kim, a citizen of the Republic of Korea, has been charged with

(1) conspiracy to commit extortion, in violation of 18 U.S.C. § 1951(a) (Count I); (2) extortion, in violation of 18 U.S.C. § 1951(a) & 2 (Count V); and (3) extortion, in violation of 18 U.S.C. § 1951(a) & 2 (Count VI).

In the same Superseding Indictment, Defendant Han Sa Yu, a citizen of the Republic of Korea and a permanent resident of the United States, was charged with (1) conspiracy to commit extortion, in violation of 18 U.S.C. § 1951(a) (Count I); (2) extortion, in violation of 18 U.S.C. § 1951(a) & 2 (Count II); (3) extortion, in violation of 18 U.S.C. § 1951(a) & 2 (Count III); and (4) attempted extortion, in violation of 18 U.S.C. § 1951(a) & 2 (Count IV).

## II. Standard of Review

Pursuant to Federal Rule of Criminal Procedure 7(f), the Court may direct the Government to file a bill of particulars. Fed. R. Crim. P. 7(f). The decision whether to grant or deny a motion for a bill of particulars is within the sound discretion of the trial court. *United States v. Anderson*, 481 F.2d 685, 690 (4th Cir. 1973).

The purpose of a bill of particulars is "to enable a defendant to obtain sufficient information on the nature of the charge against him so that he may prepare for trial, minimize the danger of surprise at trial, and enable him to plead his acquittal or conviction in bar of another prosecution for the

same offense." *United States v. Schembari*, 484 F.2d 931, 934-935 (4th Cir. 1973) (citing *United States v. Dulin*, 410 F.2d 363, 364 (4th Cir. 1969)). It "is not to be used to provide detailed disclosure of the government's evidence in advance of trial." *United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985) (citing *Anderson,* 481 F.2d at 690). Instead, a bill of particulars "merely amplifies the indictment by providing missing or additional information so that the defendant can effectively prepare for trial." *United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996) (citations omitted). "Thus, a court must not direct the government to reveal the details of its evidence or the precise manner in which it will make its proof in a bill of particulars." *United States v. Cuong Gia Le*, 310 F. Supp. 2d 763, 781 (E.D. Va. 2004) If "the indictment adequately details the charges, or the information requested is otherwise available, then no bill of particulars is required." *United States v. Esquivel*, 755 F. Supp. 434, 436 (D.D.C. 1990) (citation omitted).

A bill of particulars is unnecessary when "it appears that defendants are sufficiently apprised through discovery of the facts and circumstances of the offense." *Cuong Gia Le*, 310 at 782; *see also United States v. West*, 877 F.2d 281, 293 (4th Cir. 1989)("In the absence of any showing of unfair surprise, we find no error in the district court's denial of [the

defendant's] motion for a bill of particulars to discover the identities of unnamed 'Known Individuals' referred to in the indictment.").

Courts have held that "the Government is not required to furnish the name of all other co-conspirators in a bill of particulars." *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004) (citation omitted); *see also, e.g., United States v. Torres*, 901 F.2d 205, 233-34 (2d Cir. 1990)(affirming the denial of a bill of particulars requesting, *inter alia*, the names of known but unnamed conspirators); *United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir. 1981)(affirming the denial of a request for the names of unindicted co-conspirators).

### III. Analysis

As a consequence of these settled principles, Defendant Kim's Motion must be denied. Defendant seeks a level of detail that far exceeds the purpose of what is expected of a bill of particulars. The foregoing discussion of the applicable law repeatedly cites the well-settled notion that "request for 'wholesale discovery of the Government's evidence' ... is not the purpose of a bill of particulars." *United States v. Armocida*, 515 F.2d 49, 54-55 (3rd Cir. 1975).

Defendant requests that the Government disclose the identities of co-conspirators. Whether the Government must

furnish the names of co-conspirators to a defendant lies within the trial court's discretion. *See United States v. Jackson*, 757 F.2d 1486, 1491 (4th Cir. 1985) (finding no abuse of discretion in denial of motion for bill of particulars seeking the names of persons that the Government alleged to be in the conspiracy). Where an indictment, as here, sets forth the discrete acts evidencing a defendant's involvement in a conspiracy, courts have held that the identities of co-conspirators need not be revealed. *See United States v. Frye*, No. 5:01-CR-30058, 2002 WL 385574, at *2 (W.D. Va. Feb. 20, 2002).

Defendant requests a variety of details regarding how, where, and why various acts were committed by himself and others during the scheme. A defendant is not entitled to have the Government specify the details of its proof of acts or allegations set forth in the indictment, nor is he entitled to have the Government furnish the precise manner in which the crimes charged were committed. *See Automated Medical Labs.*, 770 F.2d at 405 ("A bill of particulars is not to be used to provide detailed disclosure of the government's evidence in advance of trial."); *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978)("[D]efendants are not entitled to discover all the overt acts that might be proved at trial."). Defendant may continue to make discovery requests as appropriate. But the details Defendant seeks in the remainder of his requests are not the

5

type of information required "to enable a defendant to obtain sufficient information on the nature of the charge against him so that he may prepare for trial, minimize the danger of surprise at trial, and enable him to plead his acquittal or conviction in bar of another prosecution for the same offense." Schembari, 484 F.2d at 934-935.

Defendant also requests specific dates, times, and locations of events supporting the charges. Courts have held that information concerning the time period during which a defendant is alleged to have been knowingly involved in a conspiracy is not essential to effective preparation for trial. *See United States v. Fiel*, No. 3:10cr170-6, 2010 WL 3385147, at *2 (E.D. Va. Aug. 20, 2010) (finding the dates of conspiracy offenses, including the date that the defendant entered the conspiracy, nonessential); *United States v. Stroop*, 121 F.R.D. 269, 273 (E.D.N.C. 1988) ("Details as to how and when the conspiracy was formed, or when each participant entered it, need not be revealed before trial.") (citation omitted). Indeed, "[w]here a particular date is not a substantive element of the crime charged, strict chronological specificity or accuracy is not required." *United States v. Smith*, 441 F.3d 254, 261 (4th Cir. 2006) (quoting *United States v. Kimberlin*, 18 F.3d 1156, 1159 (4th Cir. 1994)). Similarly, location is not an invariably necessary detail. *See United States v. Poe*, 1996 WL 139200, at

*2 (4th Cir. Mar. 26, 1996)("Even though the indictment did not provide the exact time of day or the precise location [of the offense], . . . the district court did not abuse its discretion in denying [the defendant's] motion for a bill of particulars.").

Some of the information Defendants seek –– specifically, names and addresses of witnesses and victims –– is beyond the scope of what a bill of particulars is designed to provide. *See, e.g.*, *United States v. Johnson*, 504 F.2d 622, 628 (7th Cir. 1974) (stating that a "bill of particulars cannot be used to obtain a list of the government's witnesses or evidentiary detail") (citations omitted). The Court finds this point particularly salient in the instant case, where there has already been an incident wherein a Defendant has attempted to establish unauthorized contact with witnesses and victims, and the Court has already admonished the Defendants not to attempt to attempt such contact again. The Court finds that those individual listed in the indictment are sufficiently identified.

The Government also indicates in its Opposition that it has provided extensive discovery to the Defendants, including interviews by witnesses and the victim, which should enable counsel to adequately prepare his defense. *See, e.g.*, *Schembari*, 484 F.2d at 935 (upholding the trial judge's denial of a bill of particulars because "the underlying objectives of a

Rule 7(f) motion were fully satisfied by the government's voluntary disclosure of its file"); *United States v. Duncan*, 598 F.2d 839, 849 (4th Cir. 1979) (finding that the "appraisal function of an indictment" may be satisfied if the Government opens its investigative file for the Defendant's inspection). "Open file" discovery, however, is not required. *See Cuong Gia Le*, 310 F. Supp. 2d at 782 (finding a bill of particulars unwarranted where the government had provided and would continue to provide the facts and circumstances of the offense through ongoing discovery).

## IV. Conclusion

For the foregoing reasons, Defendant Kwang Hee Kim's Motion for a Bill of Particulars is denied and Defendant Han Sa Yu's Motion to Adopt is deemed moot.

An appropriate Order will issue.

|                          | /s/                                   |
|--------------------------|---------------------------------------|
| November 20, 2012        | James C. Cacheris                     |
| Alexandria, Virginia     | UNITED STATES DISTRICT COURT JUDGE    |